Sherman K. Levine, Appellant, *v.* Redevelopment Authority of the City of New Castle, Appellee.

Argued November 7, 1974, before President Judge BOWMAN and Judges CRUMLISH, JR., MENCER, ROGERS and BLATT. Judges KRAMER and WILKINSON, JR. did not participate.

*Sherman K. Levine,* for himself.

*Edward Andrew Gamble,* with him *Gamble & Verterano,* for appellee.

OPINION BY JUDGE BLATT, February 11, 1975:

This appeal questions the jurisdiction of this Court and the various courts of common pleas under the Right to Know Act[1] on appeals by citizens denied access to information in the possession of a local public body, in this case the Redevelopment Authority of the City of New Castle.

At some time prior to June 7, 1973 on authority of Sections 2 and 3 of the Right to Know Act, 65 P.S. §§66.2 and 66.3, Sherman K. Levine, the appellant, demanded from the Redevelopment Authority of the City of New Castle (Authority), the right to inspect and copy all documents, minutes and contracts relating to the Authority's purchase of certain property in the City of New Castle, Lawrence County. The Authority refused the appellant's demand and he then petitioned the Court of Common Pleas of Lawrence County for a rule to show cause why the Authority should not comply. The rule was issued by that court, and the Authority asserted under new matter that the Court of Common Pleas lacked jurisdiction to hear and determine the questions raised in the appellant's petition. The court below agreed with the Authority and determined that the proper jurisdiction would lie in this Court. We are now asked to review the lower court's determination.

The Authority argues that this Court is the court having original exclusive jurisdiction to entertain review of actions denying citizens access to information within the control of the Authority by virtue of Section 4 of the Right to Know Act, 65 P.S. §66.4, which provides: "Any citizens of the Commonwealth of Pennsylvania denied any right granted to him by section 2 or section 3 of this act, may appeal from such denial to the Court of Common Pleas of Dauphin County [now the Commonwealth

---

1. Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §66.1 et seq.

Court] if an agency of the Commonwealth is involved, or to the court of common pleas of the appropriate judicial district if a political subdivision or any agency thereof is involved. If such court determines that such denial was not for just and proper cause under the terms of this act, it may enter such order for disclosure as it may deem proper." The Authority asserts that it is an "agency of the Commonwealth" within the meaning of Section 4 because language used in the enabling statute,[2] describes an urban redevelopment authority as "a public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof. . . ." Section 9 of the Urban Redevelopment Law, 35 P.S. §1709 (Supp. 1974-1975).

It is true, of course, that the courts have "consistently held that municipal authorities [created pursuant to the Municipalities Authorities Act of 1945[3]] are not the creatures, agents, or representatives of the municipalities which organize them, but rather are 'independent agencies of the Commonwealth, and part of its sovereignty' ". (Citations omitted.) *Commonwealth v. Erie Metropolitan Transit Authority*, 444 Pa. 345, 348, 281 A.2d 882, 884 (1971). It has also been held, however, that such authorities are treated for some purposes as local authorities notwithstanding language to the contrary in the enabling statute. *Clearfield Area Housing Corp. v. Hughes*, 13 Pa. Commonwealth Ct. 96, 318 A.2d 754 (1974). Thus, a local housing authority was held not to be an agent of the Commonwealth within the purview of Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970 which confers original jurisdiction upon the Commonwealth Court in civil actions against the Com-

---

2. The Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §1701 et seq.

3. Act of May 2, 1945, P.L. 382, *as amended*, 53 P.S. §301 et seq.

monwealth and its officers and agents. Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(1) (Supp. 1974-1975). It was held instead to be a local authority and, therefore, within the original jurisdiction of the appropriate court of common pleas. We must reach the same conclusion in the case at hand, for to reach any other conclusion would lead to the absurd and unreasonable result that a citizen would be required to pursue his right to gain access to information in Harrisburg even though the records were located in the community and the agency involved had been created by an individual city or county[4] and the issues involved were matters strictly within the concern of a particular locality rather than a concern of the Commonwealth generally. The General Assembly, of course, could not have intended such a result. The Statutory Construction Act of 1972, 1 Pa. C.S. §1922(1).

The order of the court below is, therefore, reversed and this matter is tranferred to the Court of Common Pleas of Lawrence County for further proceedings.

---

4. Section 4 of the Urban Redevelopment Law, 35 P.S. §1704.