546

Southeastern Pennsylvania Transportation Authority and Lawrence H. Baberick, Bernard L. McDevitt, Thomas C. Ottey, Edward J. Roach, William C. Schuster, William E. Shirley, Charles F. Toewe, Francis G. Warburton and Main LaFrentz & Co., trading as Main LaFrentz & Co., Petitioners, v. Harold E. Kohn, Respondent.

Lawrence R. Stoltz, the Honorable James H. J. Tate, the Honorable Joseph Tracy and Harold E. Kohn, Plaintiffs, v. James C. McConnon, William R. Eaton and Joseph T. Mack, Defendants.

Lawrence R. Stoltz, James H. J. Tate, Joseph Tracy and Harold E. Kohn, Appellants, v. James C. McConnon, William R. Eaton and Joseph T. Mack, Appellees.

Argued April 3, 1975, before President Judge BOW-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Lewis H. Van Dusen, Jr.,* with him *Drinker, Biddle & Reath* for Authority, Baberick, McDevitt, Ottey, Roach, Schuster, Shirley, Toewe, Warburton, Main LaFrentz & Co., McConnon, Eaton and Mack.

*Harold E. Kohn, P.A.,* with him *Robert A. Swift,* for Stoltz, Tate, Tracy and Kohn.

OPINION BY PRESIDENT JUDGE BOWMAN, April 28, 1975:

In two of these three cases consolidated for argument, the jurisdiction of the Commonwealth Court over the cause of action asserted is in issue; one by way of appeal from an order of the Court of Common Pleas of Philadelphia County, which concluded that this Court has *original exclusive* jurisdiction over that action in equity brought against the chairman, general manager and treasurer of the Southeastern Pennsylvania Transportation Authority (SEPTA) ;[1] the second by way of preliminary objections to a declaratory judgment action brought in this Court by SEPTA, certain of its board members, officers and consultants against another member of the SEPTA board.[2] In the third case,[3] an action in equity brought in this Court, the plaintiffs are the appellant-plaintiffs in the first mentioned case before us by way of appeal, while the defendants are the appellee-defendants in that case.

Defendants in this third case do not question the jurisdiction of this Court, as this is the position they

1. *Lawrence R. Stoltz et al., Appellants, v. James C. McConnon et al.,* No. 9 T. D. 1975, the appeal having been taken to the Supreme Court and transferred by it to this Court.

2. *Southeastern Pennsylvania Transportation Authority et al., Petitioners, v. Harold E. Kohn, Respondent,* No. 1691 C. D. 1974.

3. *Lawrence R. Stoltz et al., Plaintiffs, v. James C. McConnon et al., Defendants,* No. 241 C. D. 1975.

asserted and won before the lower court in the first case. In disposing of all three cases, we must, nevertheless, pass upon our jurisdiction as to this particular case.

Underlying this jurisdictional morass, the substantive issue in all three cases are concerned with the internal operations of SEPTA and the vote necessary to effectuate action by its board of directors, an issue we can meet only if the Commonwealth Court enjoys jurisdiction over the causes of action asserted.

SEPTA was created pursuant to the provisions of the Metropolitan Transportation Authorities Act of 1963, Act of August 14, 1963, P. L. 984, 66 P. S. §2001 et seq. Its metropolitan area encompasses the City of Philadelphia and adjoining counties. Thus, its structure and operating territory are multi-county.

Does this fact or do relevant provisions of the enabling statute afford reason to distinguish these cases from our decisions in *Levine v. Redevelopment Authority of the City of New Castle,* 17 Pa. Commonwealth Ct. 382, 333 A. 2d 190 (1975), holding that a redevelopment authority is a local agency, not a state agency, for the purpose of section 401 of the ACJA;[4] and *Clearfield Area Housing Corp. v. Hughes,* 13 Pa. Commonwealth Ct. 96, 318 A. 2d 754 (1974), holding that a housing authority is such a local agency, not a state agency, for this same purpose, notwithstanding language to the contrary in the enabling statute?

In our opinion, there is no valid basis for any such distinction. As noted in *Levine* and *Clearfield,* section 401 of the ACJA confers *exclusive original* jurisdiction upon the Commonwealth Court over all actions or proceedings *against* the Commonwealth or any officer thereof and *concurrent original* jurisdiction with courts of common pleas over actions or proceedings *by* the Commonwealth

---

4. Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P. L. 673, 17 P. S. §211.401.

or any officer thereof. The critical and controlling language, however, is found in section 102 of the ACJA, 17 P. S. §211,102, which defines the Commonwealth to include its "departments, departmental administrative boards and commissions, offices, independent boards or commissions, authorities and other agencies of this Commonwealth, but *shall not include any political subdivision, municipal or other local authority.*" (Emphasis added.)

We will not repeat the rationale of our decisions in *Levine* and *Clearfield.* We would only observe that notwithstanding the multicounty structure and operation of SEPTA, this fact does not raise it to the level of a state agency for purposes of jurisdiction within the meaning of section 102 of the ACJA. Just as the Commonwealth Court is a court of statewide jurisdiction, the legislature, in defining its jurisdictional role with respect to state and local agencies, intended the Commonwealth Court in its original jurisdiction to concern itself with statewide agencies or statewide instrumentalities of state government, and in its appellate jurisdiction to concern itself with agencies and instrumentalities of local government or governments. Section 402(4), ACJA, 17 P.S. §211.402(4).

Nor do we believe that any provisions of the Metropolitan Transportation Authorities Act of 1963 afford reason to reach a different result. Found in this statute, as in many similar enabling statutes, is language which, for various purposes, has been said to make them independent agencies of the Commonwealth and part of its sovereignty. *Commonwealth v. Erie Metropolitan Transit Authority,* 444 Pa. 345, 348, 281 A.2d 882, 884 (1971). *See also Levine, supra.* And we have so declared with respect to SEPTA, *Philadelphia v. Southeastern Pennsylvania Transportation Authority,* 8 Pa. Commonwealth Ct. 280, 303 A.2d 247 (1973), but not within the context of

the jurisdiction issue here posed and controlled by other statutory law.[5]

Having concluded that the Court of Common Pleas of Philadelphia County, not the Commonwealth Court, has original jurisdiction over the cause of action asserted in No. 9 T. D. 1975; and that the Commonwealth Court does not have original jurisdiction, exclusive or concurrent, over the causes of action filed in this Court to No. 241 C. D. 1975 and No. 1691 C. D. 1974, we do not reach the substantive issues raised nor decide other issues raised by the parties in the various preliminary objections filed in said proceedings.

We enter the following

ORDER

April 28, 1975

1. To No. 9 T. D. 1975, the order of the Court of Common Pleas of Philadelphia County is reversed and the

---

5. In a footnote to the opinion of the court below in No. 9 T. D. 1975 (but not reflected in its docket or record as having been effected in compliance with Pa. R.C.P. Nos. 2327-2330), it is stated on January 17, 1975, the Commonwealth of Pennsylvania, Department of Transportation, was permitted to intervene as a party plaintiff because it had a "significant interest" in the suit as a major contributor to the budget of SEPTA.

We note this here, notwithstanding that this point was neither briefed nor argued before this Court, because the issue of the jurisdiction of this Court is directly related to the role of the Commonwealth as a party litigant. Assuming the propriety of the intervention by the Commonwealth as a *party plaintiff* in the court below, this fact would not alter the conclusion we reach as to this particular appeal. A court of common pleas has *original concurrent* jurisdiction with the Commonwealth Court in actions or proceedings *by* the Commonwealth. Section 401(b), ACJA, 17 P. S. §211.401(b). *Also see Keitt v. Ross,* 17 Pa. Commonwealth Ct. 183, 331 A.2d 582 (1975) and *Ross v. Keitt,* 10 Pa. Commonwealth Ct. 375, 308 A.2d 906 (1973), as to the role of the Commonwealth as a party to a cause of action or proceedings in which it was not an original party as affecting the jurisdiction of the Commonwealth Court.

case is remanded to said court for further proceedings.
2. To No. 241 C. D. 1975 and No. 1691 C. D. 1974, pursuant to section 503(b) of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §211.503(b), said causes of action are hereby transferred to the Court of Common Pleas of Philadelphia County. The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Philadelphia County a photocopy of the docket entries of the above actions and transmit to him the records of said actions.

The Chief Clerk is further directed to mail copies of this Order to all counsel.