Opinion by
President Judge Bowman,
On February 14,1975, respondent, Howard S. Shapiro, a Philadelphia newspaper reporter, was informed by certain of the parties in attendance, that his presence was unwelcome at a meeting about to be convened or then being held at a Holiday Inn in Philadelphia. Being so advised, he voluntarily left. The purpose of this meeting *483 was to discuss and entertain proposals relative to the operations of the Southeastern Pennsylvania Transportation Authority (SEPTA). Thereafter, respondent, through counsel, advised several of the parties who had attended the meeting of his intention to initiate criminal proceedings against all persons in attendance, believing that he had a right to be present at said meeting pursuant to the provisions of the Act of July 19, 1974, P.L.-, No. 175 (commonly and hereinafter referred to as the “Sunshine Law”).
After having been apprised of Mr. Shapiro’s intentions, eleven of the persons who attended the meeting (petitioners), all of whom have identified themselves as members of the board of SEPTA and/or commissioners of one of the counties which comprise SEPTA,[1] requested the intervention of this Court to prevent the actuation of Mr. Shapiro’s expressed intention to initiate criminal proceedings. Petitioners seek injunctive and declaratory judgment relief. After various questions relating to the issuance or denial of a preliminary injunction were resolved (such relief was denied), this Court, by Order of April 4, 1975, directed the parties[2] to submit briefs on the single issue of our jurisdiction over the cause of action asserted.
Petitioners do not allege that jurisdiction lies with this Court under section 401 of the Appellate Court Jurisdiction Act of 1970 (ACJA).[3] Rather, they recognize the futility of such reliance, in light of our recent decision in Southeastern Pennsylvania Transportation Authority v. *484 Kohn[4] Instead, petitioners assert that the “Sunshine Law,” which postdates the ACJA, expands the scope of “State agencies” beyond that provided by the ACJA.
Section 9 of the “Sunshine Law” reads as follows:
“The Commonwealth Court shall have original jurisdiction of actions involving State agencies and the courts of common pleas shall have original jurisdiction of actions involving other agencies. . . .”
Initially, we must determine whether petitioners, as individuals, may invoke the jurisdiction of this Court pursuant to a statutory provision which is phrased only in terms of “agencies.” As previously recited, petitioners have identified themselves as either members of SEPTA’s board or as county commissioners or, in one instance, as both. SEPTA, as a distinct entity, is not a party to these proceedings.
While the main thrust of the “Sunshine Law” is directed towards agencies, the criminal violation section,[5] which respondent threatens to invoke, subjects only “member [s] of any agency” to its sanctions. Since this action has evolved from the threat of such criminal retribution, the proper movants are the members,[6] and the jurisdiction of this Court, if otherwise found to exist, will not be denied them for want of direct agency participation. Because petitioners’ vulnerability to criminal prosecution under the “Sunshine Law” is a by-product of their association with SEPTA, the ultimate determinant of this Court’s jurisdiction, the involvement of a State agency, must be perceived in light of SEPTA’s status.
*485 SEPTA arose from the Metropolitan Transportation Authorities Act of 1963:[7]
“(a) There is hereby authorized the creation of a separate body corporate and politic in each metropolitan area, to be known as the transportation authority of such area, extending to and including all of the territory in the metropolitan area. An authority shall in no way be deemed to be an instrumentality of any city or county or other municipality or engaged in the performance of a municipal function, but shall exercise the public powers of the Commonwealth as an agency and instrumentality thereof.”[8]
Despite this delegation of the sovereign’s powers, we held, in Kohn, supra, that SEPTA is not a State agency for purposes of our jurisdiction as defined by the ACJA. The language of the “Sunshine Law” offers no indication that the parameters of State agency jurisdiction have been extended by its enactment.
Further, the very rationales which have been cited in delimitating our jurisdiction under the “Right to Know Act,”[9] have equal application here.[10] The concept of jurisdiction is designed to insure the availability of the most practical and competent forum for the airing of a particular grievance. The legislature’s grant of the powers of a State agency to SEPTA has no relation to this concept. Such a broad grant is necessitated only by the practical imperative of providing autonomy from local governmental interference with the operations of the agency. Local judicial scrutiny of the agency exists in another *486 dimension. Its practicality and desirability must be determined, not on the basis of the powers exercisable by the agency involved, but rather, on the basis of whether the activities of said agency are of local, as opposed to statewide, interest. While SEPTA is not “local” in the traditional sense, in that it encompasses and affects a multh county area, its activities are certainly not of statewide concern. They are restricted to one particular geographical area within the Commonwealth, and judicial review of said actions may best be provided by the courts of that area. SEPTA is not a State agency for purposes of jurisdiction under the “Sunshine Law,” and petitioners herein, as members of SEPTA, may not pursue a resolution of their grievances in this Court.
We enter the following
Order
Now, June 4, 1975, pursuant to section 503 (b) of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, 17 P.S. §211.503 (b), in lieu of dismissing the above proceedings for want of jurisdiction of this Court, said proceedings are hereby transferred to the Court of Common Pleas of Philadelphia County.
The Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Philadelphia County a photocopy of the docket entries of said proceedings and transmit to him the record thereof.

.. Montgomery, Bucks, Chester and Delaware Counties. SEPTÁ also includes Philadelphia County. However, none of the latter’s public officials are among the petitioners in’ this case.

. The parties herein have included, in addition to those previously mentioned, the Attorney General, who has participated pursuant to Pa. R.C.P. No. 235.

. Act of July 31, 1970, P. L. 673, 17 P. S. §211.401.

. 18 Pa. Commonwealth Ct. 546, 336 A.2d 904 (1975).

. Section 8.

. Of course, those four of the eleven petitioners who have not represented themselves to be members of SEPTA are without standing to litigate questions arising under the “Sunshine Law.”

. Act of August 14, 1963, P. L. 984, as amended, 66 P. S. §2001 et seq.

. 66 P. S. §2004(a).

. Act of June 21, 1957, P. L. 390, as amended, 65 P. S. §66.1 et seq. (Supp. 1974-1975).

. See Levine v. Redevelopment Authority of the City of New Castle, 17 Pa. Commonwealth Ct. 382, 333 A.2d 190 (1975).