353 A.2d 800

**T & R PAINTING CO., INC., et al.**

**v.**

**PHILADELPHIA HOUSING AUTHORITY
and William L. Rafsky, Appellants.**

Supreme Court of Pennsylvania.

Argued Jan. 19, 1976.

Decided March 17, 1976.

494

Abrahams & Lowenstein, Richard B. Klein, Nicholas Panarella, Jr., Philadelphia, for appellants.

Steven E. Angstreich, Philadelphia, for appellees.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

■ Appellees T & R Painting Company and Anthony and Russell DiLugi filed suit in the Court of Common Pleas of Philadelphia on July 17, 1973, against the Philadelphia Housing Authority (Authority) as a result of a dispute arising from a painting contract between the parties. On October 16, 1973, the Court of Common

Pleas dismissed the complaint for want of jurisdiction, apparently believing that exclusive original jurisdiction lay with the Commonwealth Court because the Authority was believed to be an agency of the Commonwealth.

Appellees did not appeal this order. Instead, they filed suit in the Commonwealth Court on March 25, 1974. The Commonwealth Court, sua sponte, ordered the parties to brief and argue whether the action could properly be brought as an original action in the Commonwealth Court. After a hearing, the court held that it did not have jurisdiction of the action because Authority was not an agency of the Commonwealth and ordered the case transferred to the Court of Common Pleas of Philadelphia. Authority appeals this order.[1] Because we agree with the Commonwealth Court that Authority is a local agency and not an agency of the state for purposes of the Appellate Court Jurisdiction Act, we affirm the order transferring this case to the Court of Common Pleas of Philadelphia.

Section 401(a)(1) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. IV, § 401(a)(1), 17 P.S. § 211.401(a)(1) (Supp.1975), provides:

"(a) The Commonwealth Court shall have original jurisdiction of:

"(1) All civil actions or proceedings against the Commonwealth . . .."

Section 102(a)(2) of the Act, 17 P.S. § 211.102(a)(2) (Supp.1975), provides:

"(2) 'Commonwealth' includes departments, departmental administrative boards and commissions, officers, independent boards or commissions, authorities and other agencies of this Commonwealth, but shall not include any political subdivision, municipal or oth-

1. We hear this appeal under authority of the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 203, 17 P.S. § 211.203 (Supp.1975).

er local authority, or any officer or agency of any such political subdivision, municipal or local authority."

Thus, the Commonwealth Court has jurisdiction over actions involving "Commonwealth authorities" but does not have original jurisdiction over actions involving "local authorities." We must determine whether Authority is a "Commonwealth authority" or a "local authority" as those phrases are used in the Appellate Court Jurisdiction Act. Appellants rely on section 10 of the Housing Authorities Law, Act of May 28, 1937, P.L. 955, § 10, as amended, 35 P.S. § 1550 (Supp.1975), which provides:

"An Authority shall constitute a public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof . . .."

Appellants argue that this language makes Authority an agency of the Commonwealth within the meaning of the Appellate Court Jurisdiction Act.

There are, however, at least eight other provisions in the Housing Authorities Law which indicate that Authority is not an agency of the Commonwealth but rather a local agency operating within a limited area:

1. Section 1543(g) defines an authority's

"(g) 'Field of Operation' The area within the territorial boundaries of the city or county for which the particular housing authority is created . . .."

Id. § 3(g), 35 P.S. § 1543(g) (Supp.1975).

2. Section 1544:

"(a) There are hereby created separate and distinct bodies, corporate and politic, one for each city, and one for each of the counties of the Commonwealth.

. . .

"(b) The governing body of any city or county may find and declare by proper resolution that there is a need for an Authority to function within the territorial limits of said city or county . . .."

Id. § 4(a) & (b), 35 P.S. § 1544(a) & (b) (1964).

3. Section 1544.1:

"If a city authority [has no outstanding obligations of any kind], the governing body of the city may, after three years from the date of the certificate described [above], . . . find and declare by proper resolution that its functions can be more properly carried out by a county authority . . .."

Id. § 4.1, 35 P.S. § 1544.1 (Supp.1975).

4. Section 1544.2 parallels section 1544.1 for a county authority. Id. § 4.2, 35 P.S. § 1544.2 (Supp.1975).

5. Section 1545 provides for appointment of authority members by the city or county governing body which declared the need for the authority. Id. § 5, 35 P.S. § 1545 (Supp.1975).

6. Section 1546:

"Vacancies for unexpired terms [of members of an authority] shall be promptly filled by the appointing power [the local governing body]."

Id. § 6, 35 P.S. § 1546 (Supp.1975).

7. Section 1550(j):

"[An authority shall have the power]

(j) To arrange with the Commonwealth, its subdivisions and agencies, and any county, city or other municipality of the State . . .."

Id. § 10(j), 35 P.S. § 1550(j) (1964). This section apparently regards an authority as separate from both the Commonwealth and local governing bodies.

8. Section 1562.1:

"In addition to the powers conferred upon an Authority by other provisions of this act, an Authority is empowered to act as agent of the State, or any of its instrumentalities or agencies, for the public purposes set out in this act."

Id. § 22.1, 35 P.S. § 1562.1 (1964). This section assumes that an authority is not an agency of the Common-

wealth; otherwise there would be no reason specifically to grant it the authority to do what an agency of the state may do as a matter of course.

All of these provisions indicate that an authority is primarily a local agency, apart from the Commonwealth. Thus, the Housing Authorities Law contains a provision directly on point which supports appellants' position and also contains several provisions which support the conclusion that Authority is a local agency. This is not, therefore, a case in which "the words of a statute are clear and free from all ambiguity." [2] The language of the Housing Authorities Law does not specifically resolve the issue whether Authority is a local or state agency.

We are left, then, with the task of determining the legislature's intent when it gave the Commonwealth Court original and exclusive jurisdiction of "civil actions or proceedings against the Commonwealth" and sought to exclude from that jurisdiction actions against local agencies.[3] The Commonwealth Court is intended to provide a judicial forum for the uniform and consistent resolution of questions of statewide impact. For example, the Department of Environmental Resources must have a clear idea what its powers and duties are and would be severely handicapped if those powers and duties varied from county to county until an appellate court could rule on the issues involved. Conversely, there is no particular need for such uniform statewide resolution of issues involving the powers and duties of local authorities which operate within a single "county, city or other municipality of the State . . .."

2. The Statutory Construction Act of 1972, 1 Pa.C.S.A. § 1921(b) (Supp.1975).

3. The Statutory Construction Act of 1972, 1 Pa.C.S.A. §§ 1921–22 (Supp.1975).

As the Commonwealth Court stated in *Levine v. Redevelopment Authority,* 17 Pa.Cmwlth. 382, 386, 333 A.2d 190, 192 (1975):

"[T]o reach any other conclusion [than that the authority is a local agency which may be sued in the local court of common pleas rather than in the Commonwealth Court] would lead to the absurd and unreasonable result that a citizen would be required to pursue his [remedy] in Harrisburg even though the records were located in the community and the agency involved had been created by an individual city or county and the issues involved were matters strictly within the concern of a particular locality rather than a concern of the Commonwealth generally. The General Assembly, of course, could not have intended such a result." [4]

We agree.

Order affirmed.

---

[4]. See also *Southeastern Pennsylvania Transp. Authority v. Kohn,* 19 Pa.Cmwlth. 546, 336 A.2d 904 (1975); *Clearfield Area Housing Authority v. Kohn,* 18 Pa.Cmwlth. 546, 336 A.2d 754 (1974).