Allegheny County Housing Authority *v.* Charles and Charlene Cooley.

Charlene Cooley, Appellant.

Argued May 4, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three. Resubmitted on briefs September 17, 1981, to President Judge CRUMLISH and Judges MENCER, ROGERS, BLATT, WILLIAMS, JR., CRAIG, MACPHAIL and PALLADINO.

*James D. Belliveau*, for appellant.

*Harry M. Montgomery, Jr.*, for appellee.

OPINION BY JUDGE ROGERS, January 26, 1982:

Charlene Cooley has appealed from an order of the Court of Common Pleas of Allegheny County quashing her appeal from an action of the Allegheny County Housing Authority. Mrs. Cooley lived with her husband, Charles and their children in housing owned by the Allegheny County Housing Authority and were paying rent in the amount of about $175 per month when in November of 1977 Mr. Cooley left his family. This defection caused a reduction in the family's income which, Mrs. Cooley contended, and still contends, required the Authority to reduce her rent pursuant to applicable federal regulations. Mrs. Cooley was admitted to public assistance and her rent was reduced to $59 per month in about March of 1978. After the husband left and until the time her rent was reduced, Mrs. Cooley fell in arrears in her rent in the amount of about $700. This resulted in two proceedings. First, the Authority brought an action for the rent and for possession of the Cooley accommoda-

tions before a District Justice which resulted in a judgment entered against both Cooleys (who failed to appeal) in the amount of $744. The second proceeding was one instituted by Mrs. Cooley with the Authority pursuant to the Authority's so-called Grievance Procedure authorized by federal regulations, in which Mrs. Cooley asserted that under the provisions of her tenancy her rent should have been reduced at a date earlier than March 1978 and that her true delinquency was only about $70 rather than the much larger amount demanded by the Authority. The Authority's Grievance Procedure defines a grievance as any dispute which a tenant may have with the Authority's actions under the lease or federal regulations.

A hearing was conducted by the Authority, after which the Authority wrote three letters to Mrs. Cooley's lawyers as follows:

August 14, 1978

This is to inform you of the decision reached as a result of the Administrative Hearing given upon your request on Tuesday, August 8, 1978.

Recommendation:

ACHA should contact D.P.W. and ascertain why this woman claims poverty from Nov. 1977 was not found eligible until March, 1978? MRS. COOLEY will have to sign release of information for us to get this. We still have not received any legal proof of separation although N.L.S. had made appointment to produce these several weeks ago. Until this is proven beyond a doubt, we should not relent in collecting money. This man has a good paying job and should be made to face his responsibility.

Please have your client sign a release at the Department of Public Assistance for the information that ACHA needs.

September 6, 1978

At the above-captioned Administrative Hearing Allegheny County Housing Authority reserved judgment in order to give Mrs. Cooley time to contact the Department of Public Welfare and sign a release of information. To date we have had no communication with the Department of Public Welfare as to Mrs. Cooley's eligibility for assistance and this letter is to advise you of our decision in this matter. In the event that Mrs. Cooley does supply us with the needed information and if the facts warrant a reversal, we can change the decision.

Mr. Jack Garnetta, Director of Operations has decided that Mrs. Cooley's rent delinquency is $685.00. This represents a rental based upon Mr. and Mrs. Cooley's income until March, 1978 at which time a new lease was written in Mrs. Cooley's name alone and reflected her income alone. Until March there was not sufficient evidence of a change of circumstances and Mr. Cooley was not relieved of responsibilities of support of his family. The amount owed is a joint debt of Mr. and Mrs. Cooley and Allegheny County Housing Authority will not waive the full amount due.

If you have any questions, please contact me.

November 2, 1978

Allegheny County Housing Authority has again reviewed the situation regarding Mr. and Mrs. Cooley and has not changed its posi-

tion that the debt owed by Mr. and Mrs. Cooley should be reduced.

We understand you [sic] position regarding Mrs. Cooley. However, it is within her control to have her husband make payment regarding joint debts.

Please contact Mr. and Mrs. Cooley and have this matter resolved by making full payment. Thank you for your cooperation.

Mrs. Cooley filed an appeal from the action of the Authority refusing her relief under the Grievance Procedure in December, 1978 on a date in December, 1978 which was within 30 days from the November 2, 1978 letter but more than 30 days after the Authority's September 6, 1978 letter. As a result of an improper calculation of the days elapsed between November 2, 1978 and the time the appeal was filed below, we quashed the appeal and, on Mrs. Cooley's application for reconsideration, requested the parties to brief the issue of whether the November 2, 1978 letter was an adjudication as defined at 2 Pa. C. S. §101. It is hoped that the matter may now at long last be definitively disposed of.

First on the issue of whether the Authority's November 2, 1978 letter or the letter of September 6, 1978 was the adjudication, we are constrained upon a careful reading of the three letters of the Authority reproduced above to say that the November 2, 1978 letter was the adjudication so that the appeal to the court below was timely. The letter of August 14, 1978 was clearly not a final disposition of Mrs. Cooley's grievance and the letter of September 6, 1978 refers to information which might be received from the Department of Public Welfare and which might change the Authority's position that Mrs. Cooley should pay the delinquency in her rent. Only by the

letter of November 2, 1978, did the Authority reject any possibility of a favorable outcome to Mrs. Cooley's grievance.

We pass now to the order of the court below quashing Mrs. Cooley's local agency law appeal. The principal ground for this action was that the Allegheny County Housing Authority was not a local agency from whose action an appeal should be taken to the court of common pleas but that it was an agency of the Commonwealth government whose action was subject to review only by the Commonwealth Court. This was error. In *Clearfield Area Housing Corp. v. Hughes*, 13 Pa. Commonwealth Ct. 96, 318 A.2d 754 (1974), *Levine v. Redevelopment Authority of City of New Castle*, 17 Pa. Commonwealth Ct. 382, 333 A.2d 190 (1975) and in *Southeastern Pennsylvania Transportation Authority v. Kohn*, 18 Pa. Commonwealth Ct. 456, 366 A.2d 904 (1975), we held that actions of the Authorities there involved, (including that concerned in the case first cited, an Authority created pursuant to the Housing Authority Law of 1937, the Act under which the Allegheny County Housing Authority was created), were "municipal or other local authority[ies]," excluded from the Commonwealth Court's original jurisdiction by Section 102 of the Appellate Court Jurisdiction Act of 1970, since repealed but replaced by identical provisions of the Judicial Code. *See* particularly the definition of Commonwealth government at 42 Pa. C. S. §102.

The court below also faulted Mrs. Cooley's appeal from the action of the Authority dismissing her grievance as a collateral attack on the judgment for delinquent rent entered against Mrs. Cooley by the District Justice. Clearly the two proceedings are quite different. The action before the District Justice was against the Cooleys, husband and wife, and was for

the rent due under the lease signed by both. Mrs. Cooley's grievance action, although involving the subject matter of the rent due for her accommodations was based upon her assertion that official regulations involving her tenancy entitled her to a reduction in the rent fixed in the lease by reason of her husband's having left the household.

Order reversed; remanded for hearing of the appeal by the court below.

ORDER

AND Now, this 26th day of January, 1982, the order of the Court of Common Pleas of Allegheny County quashing Charlene Cooley's appeal from the adjudication of the Allegheny County Housing Authority dismissing her grievance is reversed; and the record is remanded for hearing of her appeal pursuant to 2 Pa. C. S. §§751-754.

Judge MACPHAIL dissents.

Judge PALLADINO did not participate in the decision in this case.