# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean A. Finan and Maura K. Finan    :
as Trustees of the Finan Family       :
Irrevocable Trust,                   :
              Appellants    :
                         :    No. 1031 C.D. 2018
         v.                :    Argued: April 9, 2019
                         :
Pike County Conservation District    :

BEFORE:    HONORABLE ROBERT SIMPSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**OPINION**
**BY JUDGE SIMPSON**                 **FILED: May 2, 2019**

       This appeal raises the issue of whether a conservation district created pursuant to the Conservation District Law (Law)[1] qualifies as a local agency or Commonwealth agency for jurisdictional purposes. Sean A. Finan and Maura K. Finan, as Trustees of the Finan Family Irrevocable Trust (Trustees), appeal from an order of the Pike County Court of Common Pleas (trial court) sustaining the preliminary objection filed by the Pike County Conservation District (Pike CCD) challenging the trial court's jurisdiction. Pike CCD argued jurisdiction of a declaratory judgment action is proper in this Court claiming its status as a Commonwealth agency is clear under the Law. The trial court agreed and dismissed Trustees' complaint. Because we conclude that Pike CCD is a local agency, we reverse the trial court's order dismissing the case on jurisdictional grounds, and we remand the matter to the trial court to address the remaining preliminary objections.

---

[1] Act of May 15, 1945, P.L. 547, as amended, 3 P.S. §§849-864.

## I. Background

As a conservation district, Pike CCD reviews and acts on applications for erosion and sedimentation control plans, natural pollutant discharge systems, and similar applications. In November 2017, Trustees filed a declaratory judgment action in the trial court, challenging Pike CCD's authority to impose application-related fees.

In response, Pike CCD filed preliminary objections, arguing the trial court lacked jurisdiction. Relevant here, in its supporting brief, Pike CCD argued this Court enjoyed original jurisdiction based on its status as a Commonwealth agency. Trustees filed an answer with new matter to the preliminary objections; Pike CCD filed a reply to which it attached a copy of the Delegation Agreement (Agreement) between itself and the Department of Environmental Protection (DEP).

Following briefing and argument, the trial court sustained the preliminary objection as to jurisdiction and dismissed the complaint without prejudice. Citing Section 5(2) of the Law, 3 P.S. §853(2), it reasoned the plain language of the Law conferred Commonwealth agency status on Pike CCD. Tr. Ct., Slip Op., 6/29/18, at 3. Because it deemed the statute unambiguous, it did not consider legislative intent. Concluding it lacked jurisdiction, the trial court did not address the remaining preliminary objections, including a demurrer.

Trustees appealed the trial court's order to this Court. As directed by the trial court, they filed a statement of errors complained of under Pa. R.A.P. 1925(b). On behalf of Pike CCD, DEP counsel filed a response to the Statement. The trial court then issued its Rule 1925(a) opinion, adopting its earlier opinion and order.

2

## II. Discussion

On appeal,[2] Trustees maintain the trial court erred as a matter of law in declining jurisdiction because Pike CCD is a local agency, not an agency of the Commonwealth. They argue the Law does not confer status as a Commonwealth agency, emphasizing Pike CCD operates solely within the confines of Pike County. Pike CCD, they assert, is not controlled by the state. Rather, it is governed by the county. As such, it is a local agency under the multi-factor test in Blount v. Philadelphia Parking Authority, 965 A.2d 226 (Pa. 2009). They maintain that disposition by a court of statewide jurisdiction is unnecessary when Pike CCD does not operate statewide.

Pike CCD contends the plain language of the Law clearly confers Commonwealth agency status upon county conservation districts. In the alternative, Pike CCD claims status as a Commonwealth agency under Blount. It argues the State Conservation Commission controls Pike CCD and its implementation of statewide policies in Pike County. These factors, plus DEP's delegation of functions under the Agreement, meet the factors for Commonwealth agency status.

## II. Discussion

This appeal presents a pure question of law: in a declaratory judgment action against a county conservation district, where does proper jurisdiction lie?

---

[2] "Our review of a trial court's order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court abused its discretion or committed an error of law. 'In reviewing preliminary objections, all well pleaded relevant and material facts are to be considered as true, and preliminary objections shall only be sustained when they are free and clear from doubt.'" Public Advocate v. Brunwasser, 22 A.3d 261, 266 n.5 (Pa. Cmwlth. 2011) (citations omitted). As to questions of law, our review is plenary. Id.

## A. Jurisdiction

"The concept of jurisdiction is designed to insure the availability of the most practical and competent forum for the airing of a particular grievance." Scott v. Shapiro, 339 A.2d 597, 599 (Pa. Cmwlth. 1975); see Action Coal. of Elders v. Allegheny Cty. Inst. Dist., 426 A.2d 560, 566-67 (Pa. Cmwlth. 1981) ("the legislature … recognized the interest of the state in having an expert, specialized tribunal, Commonwealth Court, articulate uniform statewide standards in cases affecting the sovereign"). This Court "is intended to provide a judicial forum for the uniform and consistent resolution of questions of statewide impact." Blount, 965 A.2d at 282 (emphasis added) (quoting T & R Painting Co. v. Phila. Hous. Auth., 353 A.2d 800, 802 (Pa. 1976)). Otherwise, an entity that operates statewide would be "severely handicapped" whenever trial courts reached different resolutions regarding its powers and duties. Id. However, when an entity operates within a single county, "there is no particular need for such uniform statewide resolution of issues involving the [entity's] powers and duties." Id.

## B. Agency Type

The type of agency dictates the proper court of original jurisdiction; for actions against local agencies, the proper court is the county court of common pleas, whereas actions against Commonwealth agencies are properly filed in the Commonwealth Court. Blount. Our analysis for determining the type of agency depends on the purpose for which we review agency status. See James J. Gory Mech. Contr'g, Inc. v. Phila. Hous. Auth., 855 A.2d 669 (Pa. 2004); T & R Painting; Quinn v. Se. Pa. Transp. Auth. (SEPTA), 659 A.2d 613 (Pa. Cmwlth. 1995).

4

Generally, for purposes of jurisdiction, Commonwealth agency status is narrowly construed. Gory; see Dep't of Aging v. Lindberg, 469 A.2d 1012 (Pa. 1983) (construing this Court's jurisdiction under 42 Pa. C.S. §761(a)(1) narrowly). When the enabling statute does not specify the court of original jurisdiction, in analyzing the type of agency for jurisdictional purposes,[3] "the pivotal factors are whether the entity [1] operates on a statewide basis and [2] is predominantly controlled by the state." Gory, 855 A.2d at 677 (emphasis added). We discern legislative intent to confer jurisdiction on this Court where the entity acts throughout the state and under state control. Id. By contrast, where "the entity operates within a single county … and is governed in large part by that county … the entity must be characterized as a local agency and sued in the courts of common pleas." Id. at 678.

### 1. Enabling Statute

The Law is the enabling statute that authorized creation of Pike CCD. Critically, the Law did not create Pike CCD. Rather, pursuant to the Law, Pike County created Pike CCD in June 1956 by adopting a resolution. In addition, the Law provides that the board of directors governing Pike CCD is appointed by the Pike County governing body, the County commissioners. Section 6 of the Law, 3 P.S. §854(1).

Section 3 of the Law defines a "district" like Pike CCD as "any county in the Commonwealth whose county governing body has, by resolution, declared the county to be a conservation district." 3 P.S. §851 (emphasis added). In 2008, the legislature added language to the "Declaration of Policy" that states in pertinent part:

---

[3] In determining whether an entity is a Commonwealth agency for sovereign immunity purposes, "the important factors to be considered are whether the entity was created by the state to perform a state function so that a judgment against it would, in essence, injure the state." James J. Gory Mech. Contr'g, Inc. v. Phila. Hous. Auth., 855 A.2d 669, 677 (Pa. 2004).

5

"To designate conservation districts as a primary <u>local government unit</u> responsible for the conservation of natural resources in this Commonwealth and to be responsible for implementing programs, projects and activities to quantify, prevent and control nonpoint sources of pollution." Section 2(2) of the Law, 3 P.S. §850(2) (emphasis added).

Like the trial court, Pike CCD emphasizes Section 5(2) of the Law, which states: "Such a district, upon its creation, shall constitute a public body corporate and politic <u>exercising public powers of the Commonwealth as an agency thereof</u>." 3 P.S. §853(2) (emphasis added). This section appears unchanged since the expansion of the policy declaration.

However, that statutory language is <u>not dispositive</u> of agency status. <u>Blount</u>. Indeed, virtually identical language was contained in other statutes, and yet the agencies were deemed local agencies because their operations were confined to a local area. <u>See, e.g.</u>, <u>T & R Painting</u> (construing same language in Section 10 of the Housing Authorities Law;[4] housing authority not a Commonwealth agency for jurisdictional purposes); <u>Levine v. Redev. Auth. of City of New Castle</u>, 333 A.2d 190 (Pa. Cmwlth. 1975)(construing same language in Section 9 of the Urban Redevelopment Law;[5] authority was a local agency for jurisdiction purposes); <u>Clearfield Area Hous. Auth. Corp. v. Hughes</u>, 318 A.2d 754 (Pa. Cmwlth. 1974) (housing authority was local agency). But <u>see</u> <u>Marshall v. Port Auth. of Allegheny Cty.</u>, 568 A.2d 931 (Pa. 1990) (port authority was Commonwealth agency for sovereign immunity purposes).

---

[4] Act of May 28, 1937, P.L. 955, <u>as</u> <u>amended</u>, 35 P.S. §1550.

[5] Act of May 24, 1945, P.L. 991, <u>as</u> <u>amended</u>, 35 P.S. §1709.

Our Supreme Court deemed the same language that the trial court construed as insufficient to confer Commonwealth agency status in T & R Painting. Significantly, the Court construed the phrase "public powers of the Commonwealth as an agency thereof" as evincing the division between the authority and a Commonwealth agency. Id. at 802. It reasoned: "This section assumes that an authority is not an agency of the Commonwealth; otherwise there would be no reason specifically to grant it the authority to do what an agency of the state may do as a matter of course." Id. (emphasis added). Our highest court reaffirmed the same reasoning more recently in Blount.

Further, in Levine this Court rejected the construction of the same language adopted by the trial court here. In Levine we examined statutory language that an urban redevelopment authority was "a public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof ...." 333 A.2d at 192. We reasoned it would be absurd to require citizens to travel to Harrisburg when the remedy sought (access to records) was located in Lawrence County.

Notably, when it concluded the language in Section 5(2) of the Law, 3 P.S. §853(2), was unambiguous, the trial court did not recognize other provisions in the Law that reflected a conservation district was a local agency. Specifically, the trial court overlooked Section 2(2) of the Law, 3 P.S. §850(2), which characterized a conservation district as a "local government unit," and Section 3 of the Law, 3 P.S. §851, which defined "District" as a "county." Further, the trial court did not recognize Section 6 of the Law, 3 P.S. §854, provided governance by a board selected by the county governing body. The trial court also did not acknowledge that Pike CCD is

7

not a creature of statute, but of a county resolution, and it is governed by directors appointed by Pike County commissioners. In failing to analyze the statutory provisions indicating local agency status, the trial court erred.

Moreover, the trial court did not address the Supreme Court's statutory construction of the same language in T & R Painting that led it to the opposite conclusion as to agency status. Instead, the trial court relied on federal authority suggesting that the other statute contained more conflicting provisions. See Tr. Ct., Slip Op., 6/29/18, at 4 n.2.

Because the Law contains multiple provisions indicating local agency status, we determine the trial court erred as a matter of law in concluding "[t]here is no such ambiguity present in the [Law], and therefore, no analysis of legislative intent is required." Id. at 4.

In discerning legislative intent to confer Commonwealth agency status, courts consider whether conferring jurisdiction on a particular court would lead to an absurd or unreasonable result. 1 Pa. C.S. §1921. When the matter involves a local community, and "the issues involved were matters strictly within the concern of a particular locality rather than a concern of the Commonwealth generally," then it would be absurd to conduct the litigation in Harrisburg as opposed to the locality. T & R Painting, 353 A.2d at 802 (quoting Levine, 333 A.2d at 192).

Based on the more recent amendments to the Declaration of Policy and the definitions section of the Law, we discern a legislative intent to treat conservation

8

districts like Pike CCD as local agencies for purposes of jurisdiction. This conclusion is also consistent with the multi-factor test in Blount.

## 2. Blount Factors

The seminal case in determining agency status for jurisdiction purposes is Blount. There, our Supreme Court analyzed whether the Philadelphia Parking Authority (PPA) qualified as a Commonwealth agency such that this Court was the court of original jurisdiction. Despite its name, the Court concluded the PPA was a Commonwealth agency based on multiple factors, including its functions, reach of operations, and the degree of state control over finances and governance. Ultimately, the Court was persuaded that jurisdiction was proper in this Court because the PPA undertook Commonwealth functions and operated outside Philadelphia.

In its analysis, the Court emphasized the PPA's reach beyond the territorial confines of Philadelphia with respect to transport services. The PPA assumed control of taxicab and limousine operations in and outside Philadelphia. 53 Pa. C.S. §5505(d)(23), (24). Previously, regulation of taxicabs and limousines in Philadelphia was a function of the Public Utility Commission. Further, PPA's governing board, unlike other parking authorities, was not selected by the Mayor. Crucially, the Governor of Pennsylvania appointed its six-member governing board. 53 Pa. C.S. §5508.1(c). Lastly, the Court considered control over the PPA's finances. It noted the General Assembly supervised and controlled, in part, the distribution of funds from the PPA's budget. See 53 Pa. C.S. §5707.

9

Pike CCD does not meet the <u>Blount</u> factors for Commonwealth agency status. First, Pike CCD operates solely within the confines of Pike County. Thus, its reach of authority indicates local agency status as it addresses issues within a single county. <u>Gory</u>. Although it implements statewide policies and initiatives and fees, it does so only in Pike County.

The fact that Pike CCD implements regulations that apply statewide does not mean it exercises statewide authority. It is telling that Pike CCD relies heavily on the delegation under the Agreement. However, the Agreement does not authorize action outside of Pike County. In fact, the quoted portions of the Agreement state it is DEP's designee for various pollution programs "<u>within the political boundaries of Pike County</u>." Appellee's Br. at 14 (underscore in original).

Second, Pike CCD is not "controlled" by the Commonwealth. In determining the "control" prong, the fiscal control and governance are reviewed. Repeatedly, Pike CCD claims that it is controlled by the Commonwealth because it is monitored by the only agency created by the Law that exercises statewide authority, the <u>State</u> Conservation Commission. Section 4 of the Law, 3 P.S. §852. The Commission exercises statewide authority, not the county conservation districts.

Unlike the PPA in <u>Blount</u>, its governing body was not selected by the Governor or any other agent of Commonwealth government. Rather, Pike CCD's directors are selected by County commissioners. Section 6 of the Law, 3 P.S. §854(a) ("a board of directors … shall be appointed by the county governing body … [t]he composition of the board shall be determined by the county governing body ….").

10

Third, there is little state control over Pike CCD's budget or finances. While the State Conservation Commission monitors and apportions state funds designated for Pike CCD, the County makes spending decisions. Also, upon liquidation of Pike CCD assets, the proceeds are paid into the County treasury.

Further, Pike CCD identifies **DEP's** statewide functions and support for county districts to support its argument for statewide authority, without citing any functions Pike CCD performs on a statewide basis. Appellee's Br. at 14-15. That DEP delegated certain functions to Pike CCD through the Agreement does not confer status as a Commonwealth agency. Pike CCD cites no authority for the proposition that a contract constitutes Commonwealth control or is capable of conferring agency status. The type of control discussed in <u>Blount</u> is governance and fiscal control, not contractual control.

Absent state control or exercise of statewide authority, we see no basis for deeming Pike CCD a Commonwealth agency for jurisdictional purposes. <u>Blount</u>; <u>T & R Painting</u>.

### 3. Issues of Statewide Impact

Pike CCD proffered a third factor, aside from state control and statewide authority, purportedly based on <u>Blount</u>. Appellee's Br. at 10. It contends this Court's jurisdiction should extend to county conservation districts because they share implementation and enforcement authority with two state agencies, DEP and the Law-created State Conservation Commission. Pike CCD argues that when the litigation involves its implementation of statewide laws, this Court has jurisdiction.

11

Our decisional law recognizes that certain agencies, like SEPTA, are hybrid agencies treated as Commonwealth agencies in one context, and local agencies in another. See, e.g., Se. Pa. Transp. Auth. v. Pub. Util. Comm'n., 592 A.2d 797, 803 (Pa. Cmwlth. 1991) (referring to SEPTA as a "state agency"); Se. Pa. Transp. Auth. v. Bd. for Assessment & Revision of Taxes of Del. Cty., 319 A.2d 10, 12 (Pa. Cmwlth. 1974) (calling SEPTA "an instrumentality of the Commonwealth"). When an agency is governmental and exercises *both* local and statewide functions, the subject matter of the dispute affects whether an entity will be considered a local or Commonwealth agency for jurisdictional purposes. See Oliver v. Tropiano Transp., Inc., 79 A.3d 1233, 1239 (Pa. Cmwlth. 2013).

Like SEPTA, the PPA is unusual in that it has been deemed both a local agency and a Commonwealth agency for jurisdictional purposes depending on the claims alleged. Compare Blount (concluding this Court had jurisdiction over taxicab disputes), with Sule v. Phila. Parking Auth., 26 A.3d 1240, 1241 n.1 (Pa. Cmwlth. 2011) (deeming the court of common pleas the proper court for parking-related disputes). As our Supreme Court recognized in Blount, the PPA is a Commonwealth agency with respect to its regulation of taxicabs because, *in that capacity*, it operates statewide, performs a state function and is controlled by the Commonwealth. However, as to the "purely local functions" the PPA performed, "such as the management of on and off-street parking in Philadelphia … [d]isputes arising out of these local operations are properly relegated to the original jurisdiction of the trial court." 965 A.2d at 230 n.8. "This Court has since reiterated this distinction …." Oliver, 79 A.3d at 1239.

12

Unlike hybrid agencies that operate outside a local government unit to perform certain functions (PPA, SEPTA), Pike CCD does not operate outside of Pike County so as to invoke this Court's jurisdiction. Nevertheless, Pike CCD suggests that when it performs functions in Pike County as delegated by DEP, those functions are statewide in nature, despite that they are confined to a specific county in practice. Pike CCD thus requests that it be deemed a Commonwealth agency when an action challenges implementation of laws that have statewide application.

We decline to expand this Court's original jurisdiction to include cases challenging local implementation of statewide laws in the interest of uniformity. The potential for conflicting constructions of statewide laws by the county courts of common pleas exists whenever a statewide law is applied differently by different local agencies.

Here, although the subject matter of the underlying litigation involves implementation of statewide laws, the party that Trustees sued for improperly implementing the laws is Pike CCD as the "local government unit responsible" for their implementation. Section 2(2) of the Law, 3 P.S. §850(2). As a result, jurisdiction for an action challenging Pike CCD's implementation properly lies in the trial court.

### III. Conclusion

We hold the Law does not expressly confer Commonwealth agency status on county conservation districts. Therefore, we reverse the trial court's order sustaining Pike CCD's preliminary objection to jurisdiction, and dismissing

13

Trustees' complaint.[6]  For the reasons outlined in this opinion, we conclude Pike CCD is a local agency predominantly controlled by and operating in Pike County. Blount.  Because the trial court has proper jurisdiction, we remand to the trial court to address the remaining preliminary objections.


_____
ROBERT SIMPSON, Judge

---

[6] Regardless of Pike CCD's agency status, the trial court erred in dismissing the action, albeit without prejudice.  Pursuant to Section 5103(c) of the Judicial Code, the proper resolution was to transfer the case to the proper forum, not to dismiss the action despite lack of jurisdiction. 42 Pa. C.S. §5103(c).  See also Pa. R.C.P. No. 1032(b); Pa. R.A.P. 751 (regarding transfer of erroneously filed matters).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sean A. Finan and Maura K. Finan     :
as Trustees of the Finan Family       :
Irrevocable Trust,                :
              Appellants    :
                            :    No. 1031 C.D. 2018
       v.                   :
                            :
Pike County Conservation District    :

# O R D E R

**AND NOW**, this 2nd day of May, 2019, the order of the Pike County Court of Common Pleas is **REVERSED**, and the matter is **REMANDED** in accordance with the foregoing opinion.

      Jurisdiction is relinquished.

_____
ROBERT SIMPSON, Judge