Mooney, et al. *v.* Temple University Board
of Trustees, et al.

Argued October 5, 1971, before President Judge
BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MANDERINO, MENCER and ROGERS. Judge MAN-
DERINO did not participate in the decision.

*William T. Hangley,* with him *William H. Ewing* and *Ewing & Cohen,* for plaintiffs.

*Michael Churchill,* with him *Peter Platten* and *Ballard, Spahr, Andrews & Ingersoll,* for defendants.

OPINION BY JUDGE CRUMLISH, JR., January 13, 1972:

We have before us an amended complaint in trespass filed by plaintiffs alleging that the refusal of the Board of Trustees to furnish detailed financial information to the plaintiffs violated the plaintiffs' rights under the Pennsylvania Right To Know Law[1] and under Common Law. Plaintiffs are students at the University, a member of the University's teaching faculty, and, through its guardian ad litem, the Student Senate of the University. Defendants are Temple University, its Board of Trustees and several individual members thereof, and a Vice President of the University who is Secretary of the Board of Trustees.

Plaintiffs specifically seek a judgment requiring defendants to make public certain detailed financial information regarding the operation of the University, the University's itemized budget, and the minutes of the meetings of the Board of Trustees and subcommittees thereof. The bases of plaintiffs' complaint are that Temple University is a state agency and must divulge its public records under the Pennsylvania Right To Know Act and further that there is a common law right

---

[1] Act of June 21, 1957, P. L. 390, §1-4, 65 P.S. §66.

to investigate and participate in the operations of the Board of Trustees.

Defendants filed preliminary objections to the amended complaint alleging, *inter alia,* lack of subject matter jurisdiction. We hold that the preliminary objections must be sustained.

Jurisdiction over actions brought to enforce rights granted under the Right To Know Act is given this Court by Section 508(a)(90) of the Appellate Court Jurisdiction Act of July 31, 1970, P. L.    , 17 P.S. §211.508(a)(90). Temple University, however, cannot be included in that group of agencies of the Commonwealth whose public records are to be available for examination.

Temple University was *statutorily* established as an "instrumentality of the Commonwealth" by the Temple University-Commonwealth Act, Act of November 30, 1965, P. L. 843, 24 P.S. §§2510(1-12). The question before us is whether the Legislature by so naming Temple as an "instrumentality of the Commonwealth" has subjected that institution to the Right To Know Act and has made Temple's officials "officers of the Commonwealth."

The Right To Know Act defines "Agency" for the purposes of that Act as "Any department, board or commission of the executive branch of the Commonwealth, any political subdivision of the Commonwealth, the Pennsylvania Turnpike Commission, or any State or municipal authority *or similar organization created by or pursuant to a statute which declares in substance that such organization performs or has for its purpose the performance of an essential governmental function.*" (emphasis added).

Despite the Legislative pronouncement that Temple shall be an "instrumentality of the Commonwealth" we hold that Temple's governing and operating proce-

dures statutorily preclude it from being an "agency" under the Right To Know Act. Section 4 of the Temple University-Commonwealth Act provides that Temple be governed by thirty-six trustees, only twelve of whom shall be appointed by the Commonwealth. The entire management and administration of the University is therefore vested in a privately controlled body. In addition, section three of the Act mandates that Temple "shall continue as a corporation for the same purposes as, and with all rights and privileges heretofore granted to, Temple University, . . . ." The Temple University-Commonwealth Act has not changed Temple's basic status as a privately governed university.

The Act has changed Temple's reliance upon governmental services. By declaring Temple a "state-related institution,"[2] the Commonwealth has provided for public financial support, capital improvements and tax-exempt bonding for the University. The Act explicitly provides for administrative controls over the appropriation and expenditure of these public funds and services. In return for this aid, Temple provides lower tuition and fee schedules for Pennsylvania residents. But this public support does not comprise Temple's total budget. The University still relies upon private sources for a substantial portion of its income. We do not think that the records of these private donations were meant to be the subject of public examination. It is its private administration with its expenditure of private funds that sets Temple apart from State "organizations" under the Right-To-Know Act.

[2] The fact that the Act refers to Temple as a "state-related institution" does not bolster plaintiffs' argument. Webster's Third International Dictionary (1966) defines related as "connected by reason of an established or discoverable relation." Under this definition, any institution that is minimally connected with the state could be properly termed "state-related" without including that institution within the ambit of the Right-To-Know Act.

The Legislature has not totally precluded examination of Temple's performance in handling public funds and services. In the Temple University-Commonwealth Act, the Legislature provided for the protection of the public's interest by requiring the University to submit to the General Assembly and the Auditor General a financial statement of expenditures, covering both state appropriated funds and other University funds. 24 P.S. §2510-8. In addition, the University must present to the General Assembly an annual comprehensive report of all the activities of the University including instructional, administrative and financial activities. 24 P.S. §2510-10. When the public interest has been adequately protected by statutory procedure, we cannot hold that the accounts, vouchers, reports, minutes and decisions of this essentially private body should be subject to further public scrutiny.

Plaintiffs also bring this action against individual members of the Board of Trustees and University administration in their capacity as "officers of the Commonwealth." While these defendants may be officers of the "Commonwealth" to the extent that they must perform the mandates of the Temple University-Commonwealth Act, for the reasons set forth above, they are not under a duty to disclose the requested University records. Since the complaints do not allege any failure by the individual defendants to perform any statutorily mandated duty, they must fall.

Finally, plaintiffs claim a right to inspect the University's records under the Common Law. As they say in their brief: "Plaintiffs claim that, regardless of whether or not the University is held to be an 'agency' within the ambit of the Right To Know Law, it is nevertheless a government instrumentality whose public records come within the scope of a well developed Common Law which entitles citizens to inspect public records."

The fatal flaw in this argument is that Temple is only a governmental instrumentality to the extent that it performs the duties created by the Temple University-Commonwealth Act. We have already declared that the Legislature has provided for disclosure of information relating to Temple's performance of these duties. Plaintiffs do not seek to obtain this information, but instead they attempt to dislodge records related to the University's private operation as well. The Legislature has defined the boundaries of Temple's public involvement. It has provided a system of recording Temple's adherence to its public trust. Plaintiffs cannot by Common Law theory extend themselves into the private domain.

In summary, we hold as follows: (1) Temple University is not an "agency" under the Right To Know Act, and therefore not subject to the disclosure provisions contained therein; (2) the individual defendants are only "officers of the Commonwealth" to the extent that they perform statutory duties created by sections seven through ten of the Temple University-Commonwealth Act; (3) plaintiffs have not alleged a cause of action against the individual defendants acting in their official capacity; (4) with the exception of its public duties defined in sections seven through ten of the Temple University-Commonwealth Act, Temple is not a "governmental instrumentality" subject to Common Law Right To Know actions; and (5) plaintiffs have not alleged a failure to disclose the information relating to the public operations of the University as specifically set forth in sections eight and ten of the Temple University-Commonwealth Act. Accordingly, we issue the following:

ORDER

AND Now, this 13th day of January A.D., 1972, the Preliminary Objections of the Board of Trustees of

Temple University of the Commonwealth System of Higher Education, et al., are sustained; the Amended Complaint of Thomas J. Mooney, et al. is hereby dismissed.