## Valeria Lynn Burton, Plaintiff, *v.* Temple University Law School, Defendant.

Submitted on briefs, January 20, 1975, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Valeria Lynn Burton,* plaintiff, for herself.

*Peter Platten,* with him *Richard Z. Freemann, Jr.,* and of counsel, *Ballard, Spahr, Andrews & Ingersoll,* for defendant.

OPINION BY JUDGE WILKINSON, April 11, 1975

Plaintiff files this action in mandamus against Temple University Law School[1] in this Court's original jurisdiction. The defendant has filed preliminary objections, *inter alia,* questioning this Court's jurisdiction to hear the issue.

We will dispose of the matter on the narrow but essential question of whether the defendant is a State agency within the meaning of Section 401(a)(1) of the Appellate Court Jurisdiction Act of 1970, Act of July 31,

---

1. In its brief, defendant points out that Temple University Law School is not a legal entity subject to suit in any form but does not formally raise this objection in order to raise the principal issue relating to Temple University, a legal entity subject to suit in a proper forum.

1970, P.L. 673, *as amended,* 17 P.S. §211.401(a)(1) (Supp. 1974-1975). Plaintiff has alleged in paragraph 2 of her complaint in mandamus that Temple University Law School is a State agency. However, this Court and the Supreme Court of Pennsylvania have definitely and specifically held, as a matter of law, that it is not. In *Mooney v. Temple University Board of Trustees,* this Court with an opinion by Judge CRUMLISH, 4 Pa. Commonwealth Ct. 392, 285 A.2d 909 (1972), and the Supreme Court of Pennsylvania, with an opinion by Justice ROBERTS, 448 Pa. 424, 292 A.2d 395 (1972), held that Temple University is not a State agency. There, the issue raised on preliminary objection was the applicability of the "Inspection and Copying Records Act,"[2] Act of June 21, 1957, P.L. 390, *as amended,* 65 P.S. §66.1. The Act would have applied if Temple University were a State agency; however, Justice ROBERTS stated:

> "We conclude, as did the Commonwealth Court, that this latter declaration reveals an express legislative intent to preserve Temple's status as a non-profit corporation chartered for educational purposes. The receipt by Temple of increased state financial aid no more transforms Temple into a state 'agency' than the receipt of federal funds can make Temple an agency of the federal government." 448 Pa. at 430, 292 A.2d at 399.

Since Temple University is not a State agency but rather a non-profit corporation chartered for educational purposes, this Court is without jurisdiction and we enter the following

ORDER

Now, April 11, 1975, the preliminary objection raising the question of jurisdiction is sustained. Pursuant to the provisions of Section 503(b) of the Appellate Court Jurisdiction Act of 1970, 17 P.S. §211.503(b), the above

---

2. Unoffcial title.

matter is hereby transferred to the Court of Common Pleas of Philadelphia County and the Chief Clerk shall certify to the Prothonotary of the Court of Common Pleas of Philadelphia County a photocopy of the docket entries of the above appeal and transmit to him the record of said appeal. The Chief Clerk is further directed to mail copies of this transfer order to all counsel.

