J-A17017-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| TERRY LYNN BOWSER, | |
| Appellant. | No. 816 WDA 2017 |

Appeal from the Judgment of Sentence, May 4, 2017,
in the Court of Common Pleas of Mercer County,
Criminal Division at No(s): CP-43-CR-0001082-2016.

BEFORE:  OTT, J., KUNSELMAN, J. and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED AUGUST 20, 2018**

Terry Lynne Bowser appeals from the judgment of sentence entered, after pleading guilty to four counts of persons not to possess, use, manufacture, control, sell or transfer a firearm.[1]  After careful review, we affirm.

The trial court summarized the relevant facts as follows:

> Initially, [Bowser] had been charged with over 40 counts of sex related offenses, where the two victims were under the age of 13.  The co-defendant in this case, the mother of the victims, previously pled guilty to several of the sex related crimes and was sentenced to a total sentence of 35 to 70 years.
>
> While [Bowser's] case was pending, [his] phone conversations from the Mercer County Jail were recorded including [Bowser's] conversations regarding possession of

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

the firearms in question. For a variety of reasons the Commonwealth and [Bowser] agreed to amend the Information to add the gun charges and allow [Bowser] to plead to those charges, dismissing all of the sex offenses at the time of the plea. [Bowser] entered a no contest plea on March 2017.

Trial Court Opinion, 8/30/2017, 1-2.

After sentencing, Bowser filed a motion to withdraw his no contest plea on May 15, 2017. Bowser filed this motion *pro se* despite having private counsel of record. In this motion, Bowser alleged he was not guilty of the firearm violations; that he was threatened and coerced to plead guilty by the prosecution, and that plea counsel provided him with ineffective assistance of counsel. After conducting a hearing, the trial court denied Bowser's motion to withdraw his plea on June 2, 2017. On June 6, 2017, Bowser filed a *pro se* notice of appeal.[2]

_____

[2] The trial court notes that Bowser filed his appeal one day late. See Trial Court Opinion, 8/30/2017, at 2. While it does appear that Bowser's appeal was filed one day late, he is entitled to the benefit of the prison mailbox rule. **See** Pa.R.A.P. 121(a) (providing that "[a] *pro se* filing submitted by a prisoner incarcerated in a correctional facility is deemed filed as of the date it is delivered to the prison authorities for purposes of mailing or placed in the institutional mailbox, as evidenced by a properly executed prisoner cash slip or other reasonably verifiable evidence of the date that the prisoner deposited the *pro se* filing with the prison authorities.") Here, there is no evidence in the record indicating when Bowser delivered his notice of appeal to prison authorities. However, it is obvious that, having been docketed one day after the 21-day filing period ended, the notice of appeal must have been submitted to the prison authority for mailing by the 21st day, June 5, 2017, at the latest. Accordingly, we regard Bowser's June 6, 2017, notice of appeal as timely.

New private counsel entered his appearance on Bowser's behalf on September 12, 2017. On October 16, 2017, Bowser filed an application for remand so that he could file an amended notice of appeal and 1925(b) Concise Statement. In his brief to this Court, Bowser, in addition to his original issue, attempted to raise two new issues *nunc pro tunc*. In an order *per curiam*, this panel explained that it is constrained by law to consider only issues raised in Bowser's original 1925(b) statement.[3] Both Bowser and the trial court have complied with Pa.R.A.P. 1925.

The single issue Bowser raised in his initial concise statement of errors is as follows:

> 1. The Trial Court Erred when the Trial Court denied [Bowser's] Motion to Withdraw a Guilty Plea.

Bowser's Statement of Errors Complained of on Appeal, 8/15/17.

This Court has held that a defendant has "no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court." ***Commonwealth v. Pollard***, 832 A.2d 517, 522 (Pa. Super. 2003). "A trial court's decision regarding whether to permit a guilty plea to be withdrawn should not be upset absent an abuse of discretion." ***Commonwealth v. Pardo***, 35 A.3d 1222, 1227 (Pa. Super 2011). In order to withdraw a guilty plea after sentencing, the accused must demonstrate prejudice that results in manifest injustice.

---

[3] For purposes of the motion, we treated this appeal as timely. ***See*** *n.2* ***supra***.

*Commonwealth v. Vance*, 546 A.2d 723 (Pa. Super. 1988). "A plea rises to the level of manifest injustice when it is entered into involuntarily, unknowingly, or unintelligently." *Commonwealth v. Muhammad*, 794 A.2d 378, 383 (Pa. Super. 2002).

In denying Bowser's motion to withdraw his guilty plea, the trial court reasoned as follows:

> After a hearing on June 2, 2017, the Court issued an order denying [Bowser's] motion to withdraw his guilty plea. As stated in the order, this court found during the hearing that [Bowser] had not met his burden of proof to establish manifest injustice, allowing a withdrawal of his no contest plea after sentencing. "A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea." *Commonwealth v. Broden*, 980 A.2d 124, 129 *citing* *Commonwealth v. Flick*, 802 A.2d 620, 623 [(Pa. Super. 2002).] [Bowser] offered no evidence or testimony of manifest injustice and relied on his unverified motion, which the Court believed to be insufficient.
>
> In his motion, [Bowser] claimed innocence, that he was coerced by the prosecution and that his own counsel was ineffective. As he did not offer more evidence or testimony, [Bowser's] claim of innocence is insufficient. [Bowser's] claim that he was coerced by the prosecution and that counsel was ineffective is in direct contradiction with his testimony at the plea colloquy. At the plea colloquy, [Bowser] was specifically asked under oath if anyone had coerced him into agreeing to the plea, to which he answered no. He was also asked if he was satisfied with the services of his attorneys, to which [Bowser] answered yes. In that [Bowser] provided no additional evidence or testimony in regard to these claims, his motion was insufficient.
>
> The Court also noted that the plea agreement provided for 41 sexual offenses being nol prossed, that no member of [Bowser's] family or fiancé would be prosecuted [for the

firearms charges], and saved him additional years of incarceration and his family from potential incarceration.

The Court also found that the Commonwealth would be prejudiced if the no contest plea were withdrawn. The victims in this case would be traumatized and because of their relocation, their availability to testify would be in question. Further, the co-defendant in this case who had agreed to cooperate has been sentenced and the Commonwealth has lost any leverage it would have gained from her cooperation.

Trial Court Opinion, 8/30/2017, at 3-4. (unnecessary capitalization omitted).

Our review of the record supports the trial court's conclusion.[4] Within his appellate brief, Bowser argues specifically that the trial court erred in denying his motion to withdraw his guilty plea because his plea was induced by his counsel's ineffectiveness and therefore was involuntary.

The **Grant** rule provides that ineffectiveness claims generally should be deferred until post-conviction review. **Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). Furthermore, only our Supreme Court may create exceptions to the **Grant** rule. **Commonwealth v. Liston**, 977 A.2d 1089, 1093 (Pa. 2009). In **Commonwealth v. Holmes**, 79 A.3d 925 (Pa. 2013), our Supreme Court recognized two valid exceptions to the rule of PCRA review deferral. The Court articulated that ineffectiveness claims can be presented

---

[4] We note that the trial court briefly addressed the merits of Bowser's ineffectiveness of counsel claim and subsequently denied his motion to withdraw his guilty plea. Although we agree with the trial court's conclusion to deny the motion, the trial court should have refrained from ruling on the merits and instead deferred Bowser's claim to PCRA review.

in post-sentence motions and on direct appeal under the following limited circumstances:

> First, we appreciate that there may be extraordinary circumstances where a discrete claim (or claims) of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice; and we hold that trial courts retain their discretion to entertain such claims.
>
> Second, with respect to other cases and claims, . . . where the defendant seeks to litigate multiple or prolix claims of counsel ineffectiveness, including non-record-based claims, on post-verdict motions and direct appeal, we repose discretion in the trial courts to entertain such claims, but only if (1) there is good cause shown, and (2) the unitary review so indulged is preceded by the defendant's knowing and express waiver of his entitlement to seek PCRA review from his conviction and sentence, including an express recognition that the waiver subjects further collateral review to the time and serial petition restrictions of the PCRA. In other words, we adopt a paradigm whereby unitary review may be available in such cases only to the extent that it advances (and exhausts) PCRA review in time; unlike the so-called Bomar exception, unitary review would not be made available as an accelerated, extra round of collateral attack as of right. This exception follows from the suggestions of prior Court majorities respecting review of prolix claims, if accompanied by a waiver of PCRA review.

*Holmes*, 79 A.3d at 563-64 (internal citations and footnotes omitted).

Here, Bowser fails to argue how his claim falls within either one of the above mentioned circumstances which would allow us to hear his grievance on its merits at this time. Therefore, Bowser's challenge to the effectiveness

of counsel must await collateral review.[5]  ***See generally***, ***Commonwealth v. Kennedy***, 151 A.3d 1117 (Pa. Super. 2016) (explaining this Court may affirm a trial court's ruling on any basis).  Thus, we dismiss Bowser's ineffectiveness claim without prejudice, to his ability to raise this claim in a petition for post-conviction relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/20/2018

---

[5] In ***Holmes***, the Court reasoned that there is a presumption that ineffectiveness claims should be "reserved for collateral attack."  ***Holmes***, 79 A.3d at 577 n.10.  Further "the Court warned against trial courts appointing new counsel post-verdict to search for ineffectiveness claims."  ***Knox***, 165 A.3d at 928 (citing ***Holmes***, at 577 n.10).  Thus, although this Court has discretion in addressing these claims, Bowser's current counsel entered his appearance post-verdict and asserted alleged inadequacies of plea counsel, which exacerbates the already heavy presumption for deferring his ineffectiveness claims to PCRA review.