563 A.2d 574

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Appellant,**

v.

**ASSOCIATION OF COMMUNITY ORGANIZATIONS FOR REFORM NOW et al., Appellees.**

Commonwealth Court of Pennsylvania.

Heard Aug. 2, 1989.

Decided Aug. 8, 1989.

David P. Bruton, Sefred W. Putnam, Jr., and Barbara J. Lipshutz, Drinker, Biddle & Reath, Philadelphia, for appellant.

Irv Ackelsberg, Deborah Harris and Angel Ortiz, Community Legal Services, Philadelphia, for Acorn, CBNP and CEPA.

David Cohen, Philadelphia, Robert L. Martin, Lee, Martin, Green & Reiter, Bellefonte, for amicus curiae, Pennsylvania Association of Municipal Transportation Authorities.

## OPINION

CRUMLISH, Jr., President Judge.

The Association of Community Organizations for Reform Now, the Committee for a Better North Philadelphia and the Consumer Education and Protective Association (hereinafter collectively referred to as the applicants) request a stay of this Court's Order reversing the Philadelphia County Common Pleas Court and reinstating a fare increase implemented by the Southeastern Pennsylvania Transportation Authority (SEPTA).[1]

Following a series of public hearings, the SEPTA Board approved fare increases for various SEPTA transit divisions. The trial court vacated the increases, insofar as they applied to SEPTA's City Transit Division, based on its conclusions that the approval was (1) procedurally flawed because SEPTA improperly restricted the scope of the

---

1. *Southeastern Pennsylvania Transportation Authority v. Association of Community Organizations for Reform Now,* 128 Pa.Commonwealth Ct. 292, 563 A.2d 565 (1989). A factual history of this litigation is set forth in the opinion therein.

public hearings, and (2) substantively flawed because SEPTA failed to adequately consider the social and economic impact of the fare increases. This Court reversed, concluding that SEPTA committed no abuse of discretion in conducting the hearings and gave due consideration to socioeconomic factors.

The applicants request this Chancellor to stay that order pending their appeal to our Supreme Court. For the following reasons, we deny the application.[2]

■ This Court may grant a stay if the applicants make a strong showing that they are likely to prevail on the merits; if they show they will suffer irreparable injury without the stay; and if the stay will not substantially harm other interested parties or adversely affect the public interest. *Pennsylvania Public Utility Commission v. Process Gas Consumers Group*, 502 Pa. 545, 467 A.2d 805 (1983).

■ The applicants contend that their appeal raises significant legal questions which satisfy the first prong of *Process Gas*. We disagree. They raise the same arguments which were thoroughly addressed and *decidedly* rejected by this Court sitting en banc. While they now maintain that, under these circumstances they need only make a "substantial case" on the merits rather than a "strong showing that [they are] likely to prevail" on appeal, this Chancellor concludes that they have shown neither.

Likewise, this Chancellor concludes that the applicants have failed to meet their burden of proving irreparable injury will occur without the stay. The applicants' assertions that City Transit Division riders will be "trapped in

2. At the August 2, 1989 hearing on the application for stay, the applicants posited that SEPTA would not be able to refund fares in the event a stay were denied and our Supreme Court ultimately reverses this Court's decision and vacates the fare increase. Since this posed a relevant factor in evaluating the "irreparable harm" requirement, this Chancellor directed SEPTA to present a statement concerning possible refund mechanisms and a legal memorandum, which SEPTA filed on August 4, 1989. The applicants were afforded an opportunity to respond by legal memorandum on August 7, 1989. This Chancellor has carefully reviewed these submissions, as he is compelled to do, before reaching any decision on the application.

their homes, unable to look for work, to go to school ...,'' during pendency of their appeal, is simply not substantiated by any evidence presented to this Chancellor. Moreover, the unlikelihood of success on appeal practically forecloses the possibility that such alleged harm will be the result of an *invalid* fare increase.

Accordingly, since the applicants fail to provide a basis to stay the Court's prior Order pending appeal, this Chancellor denies the application.

## ORDER

The application for stay of this Court's July 31, 1989 Order at No. 808 C.D. 1989, 128 Pa.Commonwealth Ct. 292, 563 A.2d 565 filed by the Association of Community Organizations for Reform Now, the Committee for a Better North Philadelphia and the Consumer Education and Protective Association, is denied.