Joseph QUINN, Appellant,

v.

SOUTHEASTERN PENNSYLVANIA
TRANSPORTATION AUTHORITY
and Ruby Carson.

Commonwealth Court of Pennsylvania.

Argued Feb. 10, 1995.

Decided May 19, 1995.

Geoffrey B. Gompers, for appellant.

Joseph J. Devanney, for appellees.

Before DOYLE and SMITH, JJ., and
LORD, Senior Judge.

DOYLE, Judge.

Before this Court is the appeal of Joseph
Quinn from an order of the Court of Com-
mon Pleas of Philadelphia County which
quashed his statutory appeal to that Court
from a determination by the Southeastern
Pennsylvania Transportation Authority
(SEPTA) discharging him from his employ-
ment on September 24, 1993.

The underlying facts relating to the sub-
stance of the litigation are not dispositive of
our resolution of this appeal, but some knowl-
edge of the background facts would be help-
ful.

Quinn, a twenty-five year SEPTA manage-
ment employee, was discharged from his po-
sition; Quinn describes the reason for the
dismissal in his brief as "allegedly stealing a
pile of dirt and spoiled debris from SEPTA."
SEPTA explains the incident as unlawfully
directing "SEPTA workers and vehicles to
travel approximately one hundred (100) miles
round trip (for each delivery) to his new
home [in Elkton, Maryland] during business
hours to deliver six (6) truckloads of materi-
als and debris taken from the SEPTA yard
at Midvale" which involved the "delivery of
many tons of materials across three (3) sepa-
rate days.... two (2) trucks a day, each
capable of carrying fifteen tons." SEPTA's
Brief at 2–3. Because SEPTA is an authori-
ty under the Public Transportation Law,[1]
Quinn as an employee of SEPTA, could not
be discharged "except for just cause." *See*
Section 1529(a) of the Public Transportation
Law, 74 Pa.C.S. § 1529(a). Following his

1. 74 Pa.C.S. §§ 1101–1543.

suspension on January 8, 1993, a "Post Determination Hearing" was held by SEPTA, and on September 24, 1993, Quinn was discharged.

On October 15, 1993, Quinn filed his statutory appeal in the Court of Common Pleas of Philadelphia County pursuant to the Local Agency Law.[2] The matter was referred to Judge Bernard J. Avellino for a routine hearing and a judicial determination of the appeal. Judge Avellino, however, sua sponte by a Memorandum and Order dated January 14, 1994, transferred the appeal to this Court, holding that SEPTA was a "Commonwealth agency" pursuant to Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1), relying for his authority on the Supreme Court's decision in *Feingold v. Southeastern Pennsylvania Transportation Authority*, 512 Pa. 567, 517 A.2d 1270 (1986). *Feingold* held that SEPTA was an "agency of the Commonwealth" under the Pennsylvania Urban Mass Transportation Law [3] *for the purposes of immunity*, and, therefore, not subject to punitive damages in tort.[4] *Quinn v. Southeastern Pennsylvania Transportation Authority (SEPTA)*, No. 9310–1903, 19 Pa.D. & C.4th 516 (filed January 14, 1994).

After receiving the transferred case, this Court, in a single judge memorandum order,[5] held that SEPTA was ·a Commonwealth agency only for the purposes of the availability of immunity in tort actions, citing as authority *Southeastern Pennsylvania Transportation Authority v. Union Switch & Signal, Inc.*, 161 Pa.Commonwealth Ct. 400, 637 A.2d 662, *petition for allowance of appeal denied*, 538 Pa. 662, 648 A.2d 792 (1994); *Fisher v. Southeastern Pennsylvania Trans-*

*portation Authority*, 60 Pa.Commonwealth Ct. 269, 431 A.2d 394 (1981); and *Scott v. Shapiro*, 19 Pa.Commonwealth Ct. 479, 339 A.2d 597 (1975). Accordingly, the matter was transferred back to the Court of Common Pleas. *Quinn v. Southeastern Pennsylvania Transportation Authority (SEPTA)* (No. 394 C.D.1994, filed March 1, 1994.)

Quinn's case was again assigned to Judge Avellino. On October 12, 1994, Judge Avellino issued an order quashing Quinn's appeal, which was a final order and which, in effect, denied his appeal. This order stated once again that the ·common pleas court had no jurisdiction to hear the appeal and that Quinn "sadly ... is being victimized by a jurisdictional spat between this Court and the Commonwealth Court." Judge Avellino also stated that a single judge order of this Court was not binding upon him.[6]

After receiving Judge Avellino's order, Quinn's attorney Geoffry B. Gompers, after conferring with an administrative judge in the Court of Common Pleas of Philadelphia County, sought reconsideration from Judge Avellino. A telephone conference was arranged which included Judge Avellino, Mr. Gompers, and counsel for SEPTA, Joseph J. Devanney. Mr. Gompers urged Judge Avellino to reconsider his ruling quashing Quinn's appeal out of concern for Quinn's due process rights. Judge Avellino's reply, as represented to this Court in Quinn's brief, was as follows:

> [Judge] Avellino responded during this conference as follows:
>
> > Counselor, don't you get it. I don't give a shit about Due Process.

---

**2.** 2 Pa.C.S. §§ 551–55, 751–54.

**3.** Act of July 10, 1980, P.L. 427, *as amended*, 55 P.S. §§ 600.101–600.407, *repealed by*, Act of August 5, 1991, P.L. 238.

**4.** Following the *Feingold* decision the Supreme Court likewise held that the Port Authority of Allegheny County (PAT) was a "Commonwealth party" for purposes of immunity; therefore, PAT as well as SEPTA is protected by sovereign, rather than governmental, immunity. *See Marshall v. Port Authority of Allegheny County [PAT]*, 524 Pa. 1, 568 A.2d 931 (1990).

**5.** In cases which involve a narrow issue of law and where the law is clear and well settled,

appeals to this Court involving threshold issues of judicial administration are often submitted to a single judge for disposition.

**6.** Judge Avellino wrote

> In order to accept Judge Doyle's transfer, it is necessary to acknowledge, albeit *sub silentio*, his right to reverse my ruling. Yet the last time I checked, a solitary judge of the Commonwealth Court, as opposed to a panel of such judges, was not so empowered.

*Quinn v. Southeastern Pennsylvania Transportation Authority (SEPTA)*, No. 9310–1903 (filed October 12, 1994), slip op. at 2.

Judge Avellino suggested several appeals, but promised that if the Commonwealth Court were to remand this matter, that this case would be dismissed again because Septa's Policy 6.6.2 "was not an adjudication." [Judge] Avellino added, that if the Commonwealth Court reversed that ruling that he would find another reason to dismiss this matter.

(Quinn's Brief at 5.) During oral argument before this Court on February 10, 1995, both Mr. Gompers and Mr. Devanney confirmed that, in essence, these remarks were made by Judge Avellino, and both expressly recalled that his exact words were "I don't give a shit about due process."

Although Quinn raises several substantive issues for our review, the only issue properly before us is the question of which court has jurisdiction to hear Quinn's appeal from SEPTA's determination discharging him from his job. Both parties agree that jurisdiction for this case lies with the Court of Common Pleas of Philadelphia County and both parties urged Judge Avellino to reconsider his order of October 12, 1994.

This Court has repeatedly held that for the purposes of determining jurisdiction, SEPTA is a local agency and not an agency of the Commonwealth. *E.g., Union Switch & Signal.* Our exclusive jurisdiction to hear appeals from agencies is generally limited to "Commonwealth agencies." Section 763 of the Judicial Code, 42 Pa.C.S. § 763. These "Commonwealth agencies" are entities of the "Commonwealth government," *Marshall,* which is a defined term in the Judicial Code, and specifically *excludes* "any ... municipal or other local authority." Section 102 of the Judicial Code, 42 Pa.C.S. § 102. Section 763(c) of the Judicial Code exempts from our exclusive jurisdiction appeals from "government agencies," a more generic term, where the courts of common pleas have jurisdiction pursuant to Section 933 of the Judicial Code. Section 933 provides that the common pleas courts have jurisdiction to hear appeals from "government agencies" except "Commonwealth agencies." Since SEPTA is a local agency, this Court, *as an appellate court,* has repeatedly held that civil actions involving SEPTA, are commenced initially in the courts of common pleas, not in the Commonwealth Court. *E.g., Southeastern Pennsylvania Transportation Authority v. Kohn,* 18 Pa.Commonwealth Ct. 546, 336 A.2d 904 (1975). Accordingly, SEPTA has always been treated as a local agency for the purposes of jurisdiction. *Cf. Southeastern Pennsylvania Transportation Authority v. Association of Community Organizations for Reform Now,* 128 Pa.Commonwealth Ct. 310, 563 A.2d 574 (1989), *appeal dismissed as improvidently granted,* 524 Pa. 104, 569 A.2d 353 (1990) (appeal from an order of the court of common pleas requesting a stay of the reinstatement of a fare increase); *Smith v. Transportation Workers of America, AFL–CIO Local 234,* 116 Pa.Commonwealth Ct. 143, 541 A.2d 420 (1988) (appeal from the dismissal of a complaint in equity concerning the discharge of a SEPTA employee; remanded to the court of common pleas); *Southeastern Pennsylvania Transportation Authority v. Transportation Workers' Union of America, AFL–CIO,* 105 Pa.Commonwealth Ct. 436, 525 A.2d 1 (1987) (appeal from an order of the court of common pleas affirming an arbitration award reinstating an employee); *Southeastern Pennsylvania Transportation Authority v. Fasy,* 104 Pa.Commonwealth Ct. 613, 522 A.2d 705 (1987) (appeal from an order of the court of common pleas reinstating an employee where this Court explicitly applied the review provisions of the Local Agency Law).

Quite succinctly, Judge Avellino incorrectly relied on the Supreme Court's decision in *Feingold* to conclude that SEPTA is a Commonwealth agency for jurisdictional purposes. *Feingold* was a tort action which was instituted by a motorist who was injured in a collision with a SEPTA bus. The action was commenced in the Court of Common Pleas of Philadelphia County, whereupon a jury awarded compensatory and punitive damages in favor of the plaintiff. The issue in that case was whether it was appropriate to allow the award of punitive damages against SEPTA. To answer that specific question the court addressed the issue of whether SEPTA was a Commonwealth or a local agency. The Supreme Court held that SEPTA was an agency of the Commonwealth *for that pur-*

*pose,* and that punitive damages were inappropriate.

■ The *Feingold* court did *not* address the issue of what court had jurisdiction to hear the claim in the first instance. Whether an entity is the "Commonwealth government" for the purposes of jurisdiction, or a "Commonwealth agency" for the purposes of immunity from suit in tort, are totally distinct issues. *See Marshall* (PAT, while not the Commonwealth government, may claim sovereign immunity as a Commonwealth party as defined by Section 8501 of the Judicial Code, 42 Pa.C.S. § 8501). Accordingly, we hold, once again, that SEPTA is not the Commonwealth government as defined by Section 102 of the Judicial Code. *Union Switch & Signal.* This Court does not have jurisdiction to hear Quinn's appeal; the common pleas court does.[7] Section 933 of the Judicial Code, 42 Pa.C.S. § 933; *see also* 1 G. Ronald Darlington, *et al.,* Pennsylvania Appellate Practice 2d § 40:307–308 (1994), and the cases cited therein.[8] The order of the court of common pleas in this matter is, therefore, reversed.

■ We are reluctant, however, to remand the matter back to Judge Avellino because of his remarks noted above, and therefore conclude that in light of his prior disposition of this appeal and statements made to counsel for the parties, that he is no longer impartial with regard to this case. *See* Code of Judicial Conduct, Canon 3 (a judge should perform his duties impartially). Accordingly, we direct the administrative judge of the Court of Common Pleas of Philadelphia County to assign this matter to another judge of that court. Section 706 of the Judicial Code, 42 Pa.C.S. § 706.

7. We note that since this decision is a panel decision, and not a single judge memorandum, it is precedential for the courts of common pleas.

8. It has been observed that:
The Supreme Court has held that local authorities are entitled to sovereign, rather than governmental, immunity because the authorities are agencies of the Commonwealth and not part of the political subdivisions that created them.

***ORDER***

NOW, May 19, 1995, the order of the Court of Common Pleas of Philadelphia County is hereby reversed and the matter is remanded to that Court. Further, the appropriate Administrative Judge of that Court is to reassign this case to a judge other than Judge Bernard J. Avellino for further proceedings consistent with this opinion and suggest that the appeal receive expedited disposition.

Jurisdiction relinquished.

LORD, Senior Judge, concurring.

While I agree with the result in this case and support in its entirety the opinion of the court which concludes that Judge Avellino was in error when he refused to abide by an order of one judge of this court, I am compelled to state that I am of the opinion that the remarks attributed to Judge Avellino have no place in this opinion.

Such remarks admittedly were not of record. It is of course, axiomatic that this Court does not consider matters not in the record. The fact that the two lawyers agree that the remarks were made does not impress me as adding anything. Judge Avellino has not had any opportunity to admit or deny such remarks and it is simply unfair to make them part of an opinion.

To my mind, this is a case where Judge Avellino was in error when he concluded that a "solitary judge of the Commonwealth Court" had no "right" to reverse his ruling. It is true that the ruling of a single judge of this court is of no precedential value *in other cases* and consequently is not published, but that does not mean that a ruling by a single judge of this court in a *particular case* does not have to be followed by a Common Pleas

Such authorities are nonetheless not the Commonwealth for purposes of the Commonwealth Court's jurisdiction. To hold otherwise would expand the court's trial duties to include resolution of disputes that do not require consistent statewide results and expand the number of cases that could be appealed as of right to the Supreme Court.
Darlington at § 40:308 (footnotes omitted).

Court judge *in that particular case.* The ruling does have to be followed.

I also agree with the majority that another judge should be assigned but not for the reasons stated in the majority opinion. I am convinced that Judge Avellino has a fixed idea that he has no jurisdiction. He showed that opinion when he sua sponte transferred this case to the Commonwealth Court. He then demonstrated how fixed it was when he refused to abide by an order of this court. These rulings indicate sufficient bias so that the case should be reassigned.

Of course, nothing in this concurring opinion should be taken as approval of the alleged remarks or a ruling on the credibility of the lawyers. That is not our function.