**FRATERNAL ORDER OF TRANSIT PO-LICE, by and through its Trustee Ad Litem, David J. LAMB, Petitioner,**

v.

**SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1995.

Decided Dec. 7, 1995.

Anthony C. Busillo, II, for petitioner.

Raymond J. Porreca, Jr., for respondent.

Before SMITH and NEWMAN, JJ., and MIRARCHI, Senior Judge.

NEWMAN, Judge.

Fraternal Order of Transit Police (FOTP), by and through its Trustee Ad Litem, David J. Lamb, petitions for review of a decision of the Chief of the Southeastern Pennsylvania Transportation Authority (SEPTA) Police that declined to adopt FOTP's position that SEPTA Transit Police officers are "other law-enforcement officers" within the meaning of Section 6106(b)(1) of the Crimes Code, 18 Pa.C.S. § 6106(b)(1). SEPTA filed a motion to quash FOTP's appeal. For the reasons that follow, we transfer FOTP's appeal to the appropriate court of common pleas.

FOTP is a labor organization that represents railroad and street railway police officers employed by SEPTA. On June 10, and August 1, 1994, David Lamb, the president of FOTP, sent letters to Ronald M. Sharpe, Chief of the SEPTA Police, asking him to concur in FOTP's conclusion that under Section 6106(b)(1) of the Crimes Code, the Transit Police are "other law-enforcement officers" and are therefore entitled to carry firearms off-duty, without a license.[1] FOTP sought further confirmation that the Transit Police possess the associated powers of a municipal police officer, including the authority to make off-duty arrests. By letter dated November 30, 1994, Chief Sharpe declined to render a statutory interpretation and refused to concur in FOTP's position. Specifically, Chief Sharpe indicated that on June 5, 1992, he issued correspondence to all personnel in the Department that stated in part:

The Philadelphia District Attorney recently reiterated her position that the Transit Police enabling legislation, 22 Pa.C.S. §§ 3301–3305, entitled 'Railroad and Railway Police' distinctly limits the authority of SEPTA Police. It is her opinion that the legislation permits Railroad and Railroad [sic] Police to exercise police power only while on or immediately adjacent to the property of the corporate authority, or while in pursuit of the corporate authority's business.

On December 30, 1994, FOTP filed a petition for review of Chief Sharpe's decision with this court. SEPTA filed a timely motion to quash FOTP's appeal for lack of appellate jurisdiction. Argument was heard on October 19, 1995 on both the motion to quash and the merits of the case. The issues presented for our consideration are (1) whether SEPTA is a Commonwealth agency for purposes of jurisdiction; and (2) whether the SEPTA Transit Police are "policemen" within the meaning of Section § 6106(b)(1) of the Crimes Code and, thus, are entitled to carry firearms without a license while off-duty.[2]

■ In support of its motion to quash, SEPTA asserts that it is a "local agency" and not a "Commonwealth agency" pursuant to Section 763(a)(1) of the Judicial Code, 42 Pa.C.S. § 763(a)(1). It is therefore SEPTA's position that this court lacks jurisdiction over FOTP's appeal. We agree.

■ Pursuant to Section 763(a)(1) of the Judicial Code, the Commonwealth Court's exclusive jurisdiction to hear appeals from final orders of government agencies is generally limited to "Commonwealth agencies." These "Commonwealth agencies" are entities of the "Commonwealth government."[3] Section 102 of the Judicial Code, 42 Pa.C.S. § 102; *Marshall v. Port Authority of Allegheny County*, 524 Pa. 1, 568 A.2d 931 (1990). Section 763(c) of the Judicial Code exempts

---

1. Pursuant to Section 6106(a) of the Crimes Code:

   No person shall carry a firearm in any vehicle or concealed on or about his person, except in his place of abode or fixed place of business, without a license therefore [sic] as provided in this subchapter.

   18 Pa.C.S. § 6106(a). Section 6106(b)(1) provides that the provisions of subsection (a) shall not apply to "[c]onstables, sheriffs, prison or jail wardens or their deputies, policemen of this Commonwealth or its political subdivisions, or *other law-enforcement officers.*" 18 Pa.C.S. § 6106(b)(1) (emphasis added).

2. Although FOTP initially asserted that SEPTA Transit Police officers are "other law-enforcement officers" within the meaning of Section 6106(b)(1), it now asserts that the SEPTA Transit Police qualify as "policemen" under the Crimes Code.

3. Section 102 of the Judicial Code, 42 Pa.C.S. § 102, excludes from the definition of "Commonwealth government" any municipal or local agency.

from this court's exclusive jurisdiction appeals from "government agencies" that are within the exclusive jurisdiction of the courts of common pleas pursuant to Section 933 of the Judicial Code, 42 Pa.C.S. § 933. Section 933(a)(2) specifically provides that the common pleas courts have jurisdiction to hear appeals from "government agencies," except "Commonwealth agencies."

■ This court has held that for purposes of determining jurisdiction, SEPTA is a local agency and not a Commonwealth agency. *See, e.g., Quinn v. Southeastern Pennsylvania Transportation Authority,* 659 A.2d 613 (Pa.Cmwlth.1995). *See also Southeastern Pennsylvania Transportation Authority v. Union Switch & Signal, Inc.,* 161 Pa. Cmwlth. 400, 637 A.2d 662, *petition for allowance of appeal denied,* 538 Pa. 662, 648 A.2d 792 (1994) (Board of Claims lacks jurisdiction to entertain contract claims against SEPTA because SEPTA is not the "Commonwealth"). We note that in *Feingold v. Southeastern Pennsylvania Transportation Authority,* 512 Pa. 567, 517 A.2d 1270 (1986), our Supreme Court held that SEPTA is an "agency of the Commonwealth" for purposes of sovereign immunity. However, whether an entity is the "Commonwealth government" for purposes of jurisdiction or whether it is a "Commonwealth agency" for purposes of immunity from suit in tort are two distinct issues. *Quinn.* Because SEPTA is a local agency for jurisdictional purposes, a court of common pleas has jurisdiction over FOTP's appeal.

Accordingly, pursuant to Section 5103(a) of the Judicial Code, 42 Pa.C.S. § 5103(a), we transfer FOTP's appeal to the Court of Common Pleas of Philadelphia County.

### ORDER

AND NOW, December 7, 1995, we transfer the appeal of Fraternal Order of Transit Police, by and through its Trustee Ad Litem, David J. Lamb, to the Court of Common Pleas of Philadelphia County.